IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TREVON DESHON CHAPMAN, SR.,

    Plaintiff,

v.

GEORGIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

CIVIL ACTION NO.: 5:24-cv-59

**O R D E R**

Plaintiff filed an Objection to the October 24, 2024 Order and Judgment closing this case, which I construe as a Motion for Reconsideration.[1] Doc. 14. Plaintiff asks the Court to consider the fact he is not allowed to be employed and remains indigent. Id. at 1.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly[]discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re

---

[1] "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82).

Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

    The Court discerns no reason to grant Plaintiff's Motion and **DENIES** Plaintiff's Motion. Plaintiff fails to present any newly discovered evidence in support of his Motion, nor does he allege this Court's previously entered Order represents a manifest error of law or fact. The Court's ruling was based on Plaintiff's failure to follow this Court's Orders. Plaintiff still has not followed the Court's Orders. In addition, Plaintiff makes no showing that would alter the Court's previous finding of indigency. Doc. 4. The Court's October 24, 2024 Order remains the Order of the Court, and this case remains **CLOSED**. Docs. 12, 13.

    **SO ORDERED**, this 2nd day of January, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA